JOURNAL ENTRY AND OPINION OF DECISION
Plaintiff-appellant Kenneth Kotula ("plaintiff") appeals the decision of the domestic relations court dismissing his motion for reimbursement of costs and expenses pursuant to R.C. 2323.51
without holding a hearing.
On November 27, 1996, plaintiff, pro se, filed a complaint for divorce against defendant-appellee Idanoel Kotula ("defendant") in the Court of Common Pleas Division of Domestic Relations Cuyahoga County, Ohio. A few months later, on February 19, 1997, the domestic relations court granted plaintiff a divorce from defendant.
On March 18, 1997, defendant, pro se, filed a motion to vacate the divorce decree on grounds of fraud. Defendant contended plaintiff had already filed a complaint for divorce in Pennsylvania on July 5, 1996. She also complained that the property issues had already been settled by the Pennsylvania court. Plaintiff responded, pro se, by filing a motion to dismiss defendant's motion to vacate the divorce decree, a motion for a judgment on the pleadings, and a motion to strike defendant's motion to vacate from the record. On May 21, 1997, the matter came before a magistrate for a hearing and the magistrate found:
 Pursuant to D.D.R. Rule 4(A), Defendant's Motion to Vacate Divorce Decree #301043 is hereby dismissed without prejudice for want of prosecution. Plaintiff's Motions #301440, #303133, and #303134 are dismissed as the same are moot.
The domestic relations court subsequently adopted the magistrate's decision.
On July 30, 1997, plaintiff filed a motion for sanctions against defendant for "frivolous misuse of the court process pursuant to the requirements of R.C. 2323.51." Defendant, through counsel, filed a brief in opposition to plaintiff's motions for sanctions arguing the motion was not timely filed and attorney fees cannot be awarded to pro se litigants. Plaintiff then filed a response brief in support of his motion for sanctions. Defendant responded by filing a motion to strike, claiming plaintiff's response brief was filed without leave of court, as required under Local D.D.R. Rule 15(C).
A hearing on the matter was held before a magistrate on December 2, 1997. The magistrate overruled defendant's motion to strike and said it would consider defendant's brief in opposition and plaintiff's response brief in reaching a disposition. Regarding awarding attorney fees, the magistrate stated "O.R.C.2323.51 has been construed to prohibit the recovery of attorney fees by a pro se litigant." As to awarding costs and expenses, the magistrate held there was no such language contained in R.C.2323.51. The magistrate concluded by denying plaintiff's motion for sanctions.
Over plaintiff's objections to the magistrate's decision, the domestic relations court adopted the magistrate's decision. plaintiff timely filed his notice of appeal from this order and now submits a single assignment of error.
In his sole assignment of error, plaintiff states as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DISMISSED THE PLAINTIFF'S MOTION FOR REIMBURSEMENT OF COSTS PURSUANT TO O.R.C. 2323.51 WITHOUT A HEARING.
Plaintiff argues the trial court erred when it dismissed his motion for reimbursement of costs without holding a hearing. He also argues the trial court erred when it decided he was not entitled to recover costs and expenses from defendant as a pro se litigant, plaintiff bases the latter portion of his argument on the domestic relations court's misinterpretation of R.C. 2323.51.
First, plaintiff never filed a motion for reimbursement of costs. Thus, the trial court could not have erred by not holding a hearing on this matter when no such motion was filed. Instead, plaintiff filed a motion for sanctions requesting the reimbursement of costs on July 30, 1997. The domestic relations court issued a journal entry on February 5, 1998, stating the matter came for a hearing on December 2, 1997. The journal entry stated further that both plaintiff and defendant made appearances and that "the matter was submitted upon the pleadings and briefs." The record clearly indicates a hearing was held and plaintiff and defendant appeared. Plaintiff submits no evidentiary material to contravene this fact. As a result, we must presume regularity in the domestic relation's court and rely on the journal entry which stated a hearing on the matter was held on December 2, 1997. State v. Evans (Oct. 29, 1998). Cuyahoga App. No. 72330, unreported.
Second, plaintiff filed his complaint for divorce on November 27, 1996. He filed his motion for sanctions on July 30, 1997. This motion came before a magistrate for a hearing on December 2, 1997. The magistrate denied plaintiff's motion for sanctions finding there was no language in R.C. 2323.51 which provided for costs and expenses. Plaintiff now argues the magistrate misinterpreted R.C. 2323.51 because the statute does contain language providing for costs and expenses. However, plaintiff's argument is flawed.
R.C. 2323.51(B)(1) states "the court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to a party * * * who was adversely affected by the frivolous conduct." This language was added to the earlier enactment of the statute effective January 1, 1997. The amended language also contained a provision which stated the "amendments to section 2323.51 of the Revised Code made in this act shall apply only to civil actions that are commenced on or after the effective date of this act." Since plaintiff filed this action on November 26, 1996, approximately one month before the effective date, the amended statutory language did not apply in this instance. Therefore, the prior version of R.C. 2323.51 was controlling during the pendency of this case.
The prior version of R.C. 2323.51 does not reveal any provision for the awarding of costs or expenses. R.C. 2323.51(B)(1) states "* * * the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct." There is simply no language in R.C. 2323.51 which provides for the awarding of costs or expenses. Thus, the magistrate was correct in not awarding plaintiff costs and expenses.
Based on the above analysis, we find the trial court did not misinterpret R.C. 2323.51 and was correct in denying plaintiff's motion for sanctions. Accordingly, plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J. ANNE L. MILBANE, J., CONCUR.
 ___________________________________ JUDGE JOHN T. PATTON